**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADAM EHRLICH, GOOD BET TRADING, LLC, and A KENSINGTON JOINT, LLC, | : | |
| | : | |
| | : | CIVIL ACTION |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE PHILADELPHIA INQUIRER, LLC *et al.,* | : | |
| | : | No. 25-4620 |
| | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this 16ᵗʰ day of June, 2026, upon consideration of the Inquirer Defendants' Motion to Dismiss Count I (ECF No. 22) and for the reasons stated in the accompanying Memorandum, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART as follows:

1. The Motion is GRANTED as to any defamation theory based on the Article's use of the term "real-estate speculator."

2. The Motion is GRANTED as to any defamation theory based on the Article's general statements about the number of properties associated with Ehrlich or his entities.

3. The Motion is GRANTED as to any defamation theory based on the Article's statement that Ehrlich bought Triple X rather than that A Kensington Joint LLC purchased it.

4. The Motion is GRANTED as to any defamation theory based on the Article's reference to Triple X's prior use as an adult bookstore and alleged prostitution front.

5. The Motion is GRANTED as to any defamation theory based on the Article's criticism that property owners may benefit from future redevelopment profits after years of

neighborhood distress, including the Article's "cash in" language and the resident's comparison between the property owner and drug dealers.

6. The Motion is DENIED only as to the following narrowed theories:

    a.  the alleged implication that Plaintiffs knowingly or recklessly enabled Triple X to become the focal point and operating base of an organized drug market;

    b.  the alleged falsity of the Article's statement that, in August 2022, a man "shot and killed" a person inside a nearby corner store before fleeing into the former adult-bookstore storefront;

    c.  the alleged misleading attribution of code violations and Good Bet responsibility through the Article's statement that Ehrlich's Kensington properties "racked up some 500 code violations since 2014" and the "Good Bet's Footprint of Blight" graphic; and

    d.  the alleged false attribution to Ehrlich of the view that it was "cheaper to ignore violations for trash or weeds."

7. The Inquirer Defendants' request for relief under Pennsylvania's Uniform Public Expression Protection Act is DENIED WITHOUT PREJUDICE.

8. Discovery on Count I shall be limited to the surviving theories identified in Paragraph 6, subject to the Federal Rules of Civil Procedure and any further order of the Court.

BY THE COURT:

_____
Hon. Mia R. Perez