**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADAM EHRLICH, GOOD BET TRADING LLC, and A KENSINGTON JOINT LLC | : | CIVIL ACTON |
| Plaintiffs, | : | |
| vs. | : | No.  2:25-cv-04620 |
| | : | |
| THE PHILADELPHIA INQUIRER, LLC, | : | |
| SAMANTHA MELAMED, MAX MARIN, | : | |
| DYLAN PURCELL, MICHELLE MYERS, | : | |
| ANTON KLUSENER, DREW ALDINGER, | : | |
| THE CITY OF PHILADELPHIA and | : | JURY TRIAL DEMANDED |
| JOHN and JANE DOES (1-100) | : | |
| | : | |
| Defendants. | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT, THE CITY
OF PHILADELPHIA, TO PLAINTIFF'S COMPLAINT**

I. **INTRODUCTION**

Denied. Plaintiff's introduction is a generalized statement of plaintiff's case, and the factual and legal conclusions set forth therein are denied.

II. **PARTIES**

1. It is admitted that plaintiff, Adam Erhlich, is an adult individual. The remaining allegations are denied. To the extent paragraph 1 contains conclusions of law, same are denied.

2. Denied. To the extent paragraph 2 contains conclusions of law, same are denied.

3. Denied.

4-10. Denied. The allegations contained in these paragraphs refer to defendants other than Answering Defendant to which no response is required.

11. Admitted.

12. Denied.[1]

### III. JURISDICTION AND VENUE

13-15. Denied as conclusions of law.

### IV. FACTS

16. Denied.

17. Denied.

18-30. Denied. The allegations set forth in these paragraphs refer to defendants other than Answering Defendant to which no response is required. To the extent these paragraphs refer to news articles which are in writing, and speak for themselves, and any characterization of same is expressly denied. To the extent these paragraphs contain conclusions of law, same are denied.

31. Denied. To the extent this paragraph contains conclusions of law, same are denied.

32-34. Denied. The allegations contained in these paragraphs refer to defendants other than Answering Defendant to which no response is required. By way of further response, these paragraphs refer to a news article which is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent these paragraphs contain conclusions of law, same are denied.

35. Denied.

36. Denied. The allegations contained in this paragraph refer to a defendant other than Answering Defendant to which no response is required. To the extent paragraph 36 refers to a news article, said article is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent this paragraph contains conclusions of law, same are denied.

---

[1] Defendant, Drew Aldinger, has been dismissed as a party pursuant to Order of this Court. (ECF #39).

37. Denied. To the extent paragraph 37 contains allegations pertaining to defendants other than Answering Defendant, no response is required. To the extent this paragraph refers to a news article, said article is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent paragraph 37 contains conclusions of law, same are denied.

38-41. Denied. These paragraphs refer to defendants other than Answering Defendant to which no response is required. To the extent these paragraphs refer to a news article, said article is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent these paragraphs contain conclusions of law, same are denied.

42. Denied.

43-46. Denied. The allegations contained in these paragraphs refers to defendants other than Answering Defendant to which no response is required. To the extent these paragraphs refer to a news article, said article is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent these paragraphs contain conclusions of law, same are denied.

47-48. Denied.

49. Denied. To the extent the allegations contained in this paragraph refer to a defendant other than Answering Defendant, no response is required. To the extent this paragraph refers to a news article, said article is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent this paragraph contains conclusions of law, same are denied.

50. Denied.

51. Denied.

52. Denied. To the extent paragraph 52 refers to defendants other than Answering Defendant, no response is required. To the extent this paragraph refers to a news article, said

article is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent this paragraph contains conclusions of law, same are denied.

53. Admitted in part; denied in part. It is admitted that Answering Defendant filed certain legal causes of action against plaintiff pertaining to the subject property. The remaining allegations are denied. To the extent paragraph 53 refers to an emergency petition, said petition is in writing, speaks for itself, and any characterization of same is expressly denied.

54-59. Denied. To the extent these paragraphs refer to defendants other than Answering Defendant, no response is required. To the extent these paragraphs refer to news articles and/or photographs and/or graphics, said articles and/or graphics are in writing, speak for themselves, and any characterization of same is expressly denied. To the extent these paragraphs contain conclusions of law, same are denied.

60. Denied.

61. Denied.

62. Denied. To the extent paragraph 62 refers to defendants other than Answering Defendant, no response is required. To the extend this paragraph refers to a graphic, said graphic is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent this paragraph contains conclusions of law, same are denied.

63-69. Denied. To the extent paragraph 62 refers to a defendant other than Answering Defendant, no response is required. To the extent these paragraphs refer to a news article, said article is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent these paragraphs contain conclusions of law, same are denied.

70. Denied.

71-72. Denied. To the extent these paragraphs refer to defendants other than Answering Defendant, no response is required. To the extent these paragraphs refer to a news article, said article is in writing, speaks for itself, and any characterization of same is expressly denied. To the extent these paragraphs contain conclusions of law, same are denied.

## COUNT I
### Defamation
### Plaintiff's v. The Philadelphia Inquirer, LLC, Melamed, Marin, Myers, Kluesener and Purcell

73. Defendant incorporates by reference as of if same were more fully set in herein at length, its answer to paragraphs 1-72 of Plaintiffs' Complaint.

74-100. Denied. Count I refers to defendants other than Answering Defendant to which no response is required.

WHEREFORE, Answering Defendant denies liability and demands judgment in its favor against Plaintiff and all parties together with interest, cost and attorney's fees as authorized by law.

## COUNT II
### Violation of Due Process (Stigma-Plus Doctrine) – 42 U.S.C. § 1983
### Plaintiffs v. City of Philadelphia[2]

101. Defendant incorporates by reference as of if same were more fully set in herein at length, its answer to paragraphs 1-100 of Plaintiffs' Complaint.

102-116. Denied as conclusions of law.

WHEREFORE, Answering Defendant denies liability and demands judgment in its favor against Plaintiff and all parties together with interest, cost and attorney's fees as authorized by law.

## COUNT III

---

[2] Defendant, Drew Aldinger, has been dismissed from this case with prejudice pursuant to Court Order. (ECF #39).

**Violation of Equal Protection Under Law – 42 U.S.C. §1983**
**Plaintiffs v. City of Philadelphia[3]**

117. Defendant incorporates by reference as of if same were more fully set in herein at length, its answer to paragraphs 1-116 of Plaintiffs' Complaint.

118-123. Denied as conclusions of law.

WHEREFORE, Answering Defendant denies liability and demands judgment in its favor against Plaintiff and all parties together with interest, cost and attorney's fees as authorized by law.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff has failed to state a cause of action upon which relief can be granted.

2.      To the extent plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies, Defendants claim same.

3.      No City employee or policymaker authored the allegedly defamatory article referred to in plaintiff's Complaint.

4.      Any alleged reputational harm suffered by plaintiff was caused solely by third parties, over whom Answering Defendant has no control nor right of control.

5.      Plaintiff's Complaint fails to state a cause of action against moving defendant pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

6.      Plaintiff was provided, at all times, with the ability to appeal all BRT determinations *de novo*, and therefore plaintiff was not denied due process of law by Answering Defendant.

---

[3] All claims against Drew Aldinger have been dismissed with prejudice pursuant to Court Order. (See ECF #39).

7.      Plaintiff was not treated differently from other, similarly situated persons based upon any unjustifiable standard. *Harvard v. Cesnalis*, 973 F.3d 190, 205 (Third Cir. 2020).

WHEREFORE, Answering Defendant denies liability and demands judgment in its favor against Plaintiff and all parties together with interest, cost and attorney's fees as authorized by law.

**MARSHALL DENNEHEY, P.C.**

BY: _____

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2871 Fax (215) 575-0856
Email:  jpgonzales@mdwcg.com
Attorney for Defendant,
The City of Philadelphia

Date: July 15, 2026

## CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY, P.C.**

BY: _____

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2871 Fax (215) 575-0856
Email:  jpgonzales@mdwcg.com
Attorney for Defendant,
The City of Philadelphia

Date: July 15, 2026