IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ADAM EHRLICH, et al., | : | |
| | : | |
| **Plaintiffs,** | : | Civil Action No.: 2:25-CV-04620-MRP |
| | : | |
| v. | : | |
| | : | |
| THE PHILADELPHIA INQUIRER, LLC, et al., | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

As the Court is aware, this lawsuit arises from an investigative report published in *The Philadelphia Inquirer* about the role of real estate speculators – including Plaintiff Adam Ehrlich – in contributing to the drug crisis and blight in Kensington (the "Article"). As the Article reported, Ehrlich's failure to secure a blighted property, known as "Triple X," he owned through one of his companies resulted in it being overrun by drug activity until its court-ordered demolition. Ehrlich is asserting a defamation claim against the *Inquirer*'s publisher and several of its journalists (collectively, the "Inquirer") based on the Article. He also is asserting due process and equal protection claims against Defendant the City of Philadelphia (the "City") for its alleged use of the Article in litigation over Ehrlich's properties and the subsequent results in proceedings involving Ehrlich.

The Inquirer responded to Plaintiffs' complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 22. In that motion, the Inquirer invoked the immunity provided to defendants in cases "based on protected public expression" under Pennsylvania's Uniform Public Expression Protection Act ("PA-UPEPA"), 42 Pa. C.S. § 8320.1

1

*et seq.* On June 16, 2026, this Court granted the Inquirer's motion to dismiss "in substantial part" but denied it "in limited part." ECF No. 37 at 1-2. As a result, the Court denied the Inquirer its "complete entitlement to immunity" under PA-UPEPA. *Id.* at 25. The Inquirer timely filed an interlocutory appeal challenging that denial of immunity. ECF No. 45.

Under well-established law, the proceedings against the Inquirer are automatically stayed pending the resolution of its immunity appeal. In addition, a discretionary stay of all proceedings – including as to the claims against the City – is warranted in order to preserve the Inquirer's immunity, promote judicial economy, and avoid duplicative efforts. The City has consented to the stay requested in this Motion, while Plaintiffs have stated that they do not consent, but will not be filing a written response.

## ARGUMENT

**I.      A STAY OF PROCEEDINGS AS TO THE INQUIRER PENDING THE DISPOSITION OF ITS APPEAL IS MANDATORY.**

When a district court denies a defendant immunity from suit, the defendant is entitled to a stay of proceedings pending an interlocutory appeal of that decision, "provided that the claim of immunity is not frivolous." *Salaam v. Trump*, 2025 WL 2375397, at *1 n.1 (E.D. Pa. Aug. 15, 2025). As the Third Circuit has explained, an "immunity protects the right not to be subjected to trial – a right that is lost if appellate review awaits final adjudication. It follows therefore, that a stay must be granted or the defendant will be deprived of the benefits of adjudication before trial." *Forsyth v. Kleindienst*, 700 F.2d 104, 105 (3d Cir. 1983); *see also Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one."). The stay includes all district court proceedings involving the claims from which the defendant has asserted immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (immunity from suit is "an entitlement not to stand trial *or*

*face the other burdens of litigation*" (emphasis added)); 15A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3914.10.8 (3d ed.) ("Since an immunity appeal is allowed in order to protect against the burdens of trial, ordinarily the district court should not proceed to trial, nor even impose substantial pretrial burdens, pending appeal.").  Federal courts have extended this mandatory stay requirement to cases involving various types of immunity from suit.  *See, e.g.*, *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 (2023) (noting that district courts "must automatically stay their proceedings while the interlocutory appeal is ongoing" in cases involving qualified immunity and double jeopardy, and extending that principle to arbitrability appeals); *California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 771 n.7 (9th Cir. 2025) ("Appeals from denials of qualified immunity, absolute immunity, sovereign immunity, and immunity under the Double Jeopardy Clause all immediately divest the district court of jurisdiction over the entire case against defendants because these immunities represent an entitlement to avoid litigation altogether.").

The mandatory stay applies in cases, like this one, involving a denial of immunity under PA-UPEPA, as Judge Beetlestone held last year.  *Salaam*, 2025 WL 2375397, at *1 n.1. PA-UPEPA expressly grants immunity to defendants in cases "based on protected public expression" in which the plaintiff, among other things, fails to "state a cause of action upon which relief can be granted."  42 Pa. C.S. § 8340.15(1).  As Judge Beetlestone recognized, this immunity confers "a right not to stand trial."  *Salaam*, 2025 WL 2375397, at *1 n.1. Accordingly, when a defendant appeals from the denial of that immunity, a stay is required.  *Id.* (granting stay pending appeal of denial of motion to dismiss invoking immunity under PA-UPEPA).

Here, in its motion to dismiss Plaintiffs' defamation claim, the Inquirer invoked its immunity under PA-UPEPA. *See* ECF Nos. 22, 22-1 at 27-29. Because the Court did not dismiss the defamation claim in full, and directed the case to proceed to discovery, it denied the Inquirer the immunity afforded under PA-UPEPA. *See* ECF Nos. 37 at 25, 38. The Inquirer has filed an interlocutory appeal of this denial of immunity, *see* ECF No. 45, and the appeal is not frivolous, *see* ECF No. 37 at 16 ("The Inquirer Defendants have serious defenses."); *id.* at 25 (denying immunity under PA-UPEPA "without prejudice"). Thus, a stay of all proceedings as to the Inquirer pending the Third Circuit's adjudication of this issue is required. *Salaam*, 2025 WL 2375397, at *1 n.1.

## II.    A STAY OF ALL PROCEEDINGS PENDING THE DISPOSITION OF THE INQUIRER'S APPEAL IS APPROPRIATE.

While the mandatory stay of proceedings applicable to the Inquirer does not automatically apply to the claims against the City, a discretionary stay of all proceedings is warranted. *See May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000) (although "[t]he district court has authority to proceed forward with portions of the case not related to the claims on appeal," it "might find it best to stay an entire case pending the resolution of a [qualified immunity] appeal").

A "district court has broad power to stay proceedings." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976)). This inherent power allows a court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). In deciding whether to stay all proceedings when one defendant has appealed an immunity ruling, the "court must consider: "(1) whether the proposed stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if

forced to proceed and (3) whether granting the stay would further the interest of judicial economy." *Saint-Jean v. Holland*, 2021 WL 5866901, at *3 (D.N.J. Dec. 9, 2021). In this case, each factor supports a stay.

*First*, the proposed stay would not prejudice either Plaintiffs or the City. No scheduling order has been entered, and no discovery has occurred to date. A stay of all proceedings would simply preserve the status quo while the Inquirer's appeal is pending. Indeed, the City has consented to the stay requested in this Motion, and, although Plaintiffs have stated that they do not consent to the stay, they also have stated that they do not plan to file a written response.

*Second*, allowing this case to proceed during the appeal would prejudice the Inquirer. The due process and equal protection claims against the City are closely related to the defamation claim against the Inquirer because all of them are based on the Article. *See* Compl. Counts I-III. Specifically, Plaintiffs allege that "City officials contributed content to the Article, whether on background or anonymously, and did so with the intent to align future enforcement initiatives with the narrative targeting Ehrlich." *Id.* ¶ 70; *see also id.* ¶¶ 52 n.7, 59 n.9. They further allege that the City has "weaponize[d]" the Article by submitting or quoting it in litigation involving Plaintiffs' properties, which has impacted the outcome of those proceedings. *Id.* ¶ 114; *see also id.* ¶¶ 102-113, 118-122. Thus, there is significant overlap in the discovery the Inquirer and the City will need to defend themselves against Plaintiffs' claims. It would prejudice the Inquirer for Plaintiffs and the City to engage in such discovery without the Inquirer's participation, given the possibility that the claim against the Inquirer will return to this Court after the interlocutory appeal. And, to the extent the Inquirer's participation in discovery were required despite the automatic stay, it would defeat the purpose of immunity from suit.

*Third*, a stay would further the interest of judicial economy. If the Third Circuit concludes that Plaintiffs' defamation claim against the Inquirer is not actionable at all, that ruling presumably would preclude Plaintiffs' due process and equal protection claims against the City, both of which are based on the Article. Staying all proceedings before this Court would therefore "promote judicial economy, preserve judicial resources, and avoid the duplication of efforts." *Saint-Jean*, 2021 WL 5866901, at *4 (granting discretionary stay of all proceedings pending immunity appeal of some defendants); *see also Allman v. Smith*, 764 F.3d 682, 685 (7th Cir. 2014) (discussing risk of "two trials involving the same facts and witnesses" and "conflicting findings" between district and appellate courts without stay).

## CONCLUSION

For the foregoing reasons, the Inquirer respectfully requests that the Court grant its motion for stay pending appeal.

Dated: July 21, 2026

Respectfully submitted,

BALLARD SPAHR LLP

By:  */s/ Michael Berry*

Michael Berry
berrym@ballardspahr.com
Elizabeth Seidlin-Bernstein
seidline@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Counsel for Defendants The Philadelphia Inquirer LLC, Samantha Melamed, Max Marin, Michelle Myers, Anton Klusener, and Dylan Purcell*

6